United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GTE MOBILNET OF CALIFORNIA LIMITED PARTNERSHIP,

Plaintiff,

v.

CITY OF LOS ALTOS,

Defendant.

Case No. 5:20-cv-00386-EJD

Re: Dkt. Nos. 51, 72

NEW CINGULAR WIRELESS PCS, LLC,

Plaintiff,

v.

CITY OF LOS ALTOS,

Defendant.

Case No. 5:20-cv-00294-EJD

Re: Dkt. Nos. 48, 70

**ORDER DISMISSING ACTIONS AS MOOT; TERMINATING PLAINTIFFS' RESPECTIVE MOTIONS FOR SUMMARY JUDGMENT**

Plaintiffs GTE Mobilnet of California Limited Partnership ("Verizon") and New Cingular Wireless PCS, LCC ("AT&T") argue that the City of Los Altos ("the City") violated federal and state law by denying Plaintiffs' respective applications to install "small cell" wireless facilities pursuant to a 2019 Los Altos Wireless Ordinance ("the 2019 Ordinance"). Subsequently, the City repealed and replaced the 2019 Ordinance with a new wireless ordinance and regulatory scheme. The new 2022 Los Altos Wireless Ordinance ("the 2022 Ordinance") took effect on July 30, 2022. On July 25, 2022, the Court ordered the Parties to file supplemental briefing on the issue of whether the City's adoption of the 2022 Ordinance moots Plaintiffs' claims. Having read the

Parties' briefs and the relevant case law, the Court **DISMISSES AS MOOT** the above-captioned actions and **TERMINATES** Plaintiffs' respective motions for summary judgment.

## I. BACKGROUND

### A. Verizon's Application

On July 16, 2019, Verizon submitted one application for a wireless facility at 155 Almond Avenue in Los Altos, an existing utility pole in the main parking lot of Los Altos High School.

On August 6, 2019, while the applications were pending, the City Council adopted an "urgency ordinance," which made substantial changes to the City's wireless regulations. The emergency resolution repealed the City's existing wireless ordinance and replaced it with the new Ordinance and Design Guidelines, *i.e.*, the 2019 Ordinance. The Ordinance and Guidelines prohibited the installation of wireless facilities in any area zoned "residential," and included a 500-foot setback from any school. Specifically, under the 2019 Ordinance, all wireless facilities required a 500-foot buffer from schools, were prohibited within the City's residential districts, required a 500-foot buffer from an existing residential unit, were precluded from public parks, and required a 1,500-foot separation from another small cell facility. These provisions also applied retroactively to all pending applications.

On September 11, 2019, the City Manager, applying the 2019 Ordinance, denied Verizon's application. Verizon appealed, and two public hearings were held. The denial was affirmed at a City Council hearing because the proposed site (155 Almond Street) was located within 500 feet of Los Altos High School. Following the denial, Verizon sued the City, alleging that the City's denial of its application violated the Telecommunications Act. Verizon specifically alleged that (1) the denial of its application was not supported by "substantial evidence" because the 2019 Wireless Ordinance, upon which the denial of the application was based, was unlawful; (2) the 2019 Ordinance was preempted by the federal Telecommunications Act because, as applied to Verizon, it banned wireless facilities in over 90% of the City and effectively prohibited Verizon from providing wireless service in the City; (3) the 2019 Ordinance was adopted, and Verizon's

application was denied, to address concerns over the health effects of radio frequency emissions in violation of federal law; and (4) the 2019 Ordinance violated California law (both on a facial and as-applied basis) because the 2019 Ordinance bans wireless facilities from the "great majority" of the public-rights-of-way in the City.

**B. AT&T's Application**

On March 22, 2019, AT&T submitted eleven applications, and one additional application on May 28, 2019, for a total of twelve small cell wireless facilities in Los Altos. AT&T proposed to build each of its small cells on existing utility poles. The poles would be made approximately six feet taller, would be topped with an antenna, and would have an approximately 4.5 x 2-foot equipment box protruding from the side of the pole and visible at eye level, as well as various additional cables and hardware.

Los Altos residents quickly opposed AT&T's and Verizon's proposed sites. In response, the City Council conducted several public hearings and ultimately adopted the 2019 Wireless Ordinance. AT&T's applications were reviewed under the 2019 Ordinance. The applications were initially reviewed by the City Manager, and then were appealed to the City Council. The Council ultimately denied the applications at a 2019 hearing because the applications sought to place wireless facilities within the prohibited residential zones and/or within 500 feet of schools, in violation of the 2019 Ordinance's locational standards.

Following the denials, AT&T sued the City, alleging that the City's denial of its Applications violated the Telecommunications Act. AT&T alleged that (1) the 2019 Wireless Ordinance is preempted by the federal Telecommunications Act; (2) the denials of its applications were not supported by "substantial evidence," because the 2019 Ordinance, upon which the denials were based, was unlawful; and (3) the 2019 Ordinance was adopted, and AT&T's applications were denied, to address concerns over the health effects of radio frequency emissions in violation of federal law.

United States District Court
Northern District of California

**C. The 2022 Ordinance**

On June 30, 2022, the City Council repealed the 2019 Ordinance and corresponding design guidelines and adopted an entirely new comprehensive wireless ordinance governing the placement of all wireless facilities in the City, *i.e.*, the 2022 Ordinance.[1] The 2022 Ordinance, and its accompanying Design Guidelines, were a product of "over ten months of an in-depth study and planning process by a team of highly experienced land use, telecommunications, and legal professionals, two public hearings before the Planning Commission, and four public hearings before the City Council." City of Los Altos' Supplemental Brief on Mootness and Impact of New Wireless Ordinance as to AT&T ("City Brief") at 4, Dkt. No. 71

The 2022 Wireless Ordinance is entitled "An Ordinance of the Los Altos City Council Amending Los Altos Municipal Code Chapter 11.12 and Adding Chapter 14.85 Relating to Wireless Telecommunications Facilities and Utility Infrastructure Setting New Locational Requirements and Revising Development Standards." The 2022 Ordinance entirely replaces the 2019 Ordinance's locational standards. *See* The City's Request for Judicial Notice, Exh. D at 69 (City Staff Report) (explaining that the 2022 Ordinance "repeals [the 2019 Ordinance] in total, replacing it with the locational standards found in [the 2022 Ordinance]").

As noted, under the 2019 Ordinance, wireless facilities were prohibited within all residential zones, in parks, within 500 feet of schools, and within 500 feet of any residential units. In contrast, under the 2022 Ordinance, the placement of wireless facilities is not prohibited in the City's residential areas; the park and schools prohibitions have been eliminated; and the 500-foot buffer from a residential unit has been removed. The new regulatory framework is based on a preference system under which wireless facilities are categorically permitted within significant portions of the City in "preferred locations," and may still be sited in "less preferred" locations where siting the facility in a nearby "preferred location" would not be technically feasible.

[1] The City moves for judicial notice of its new Ordinance. Plaintiffs do not object. The exhibits sought to be introduced are proper subjects for judicial notice under Federal Rule of Evidence 201. Accordingly, the Court **GRANTS** the City's request for judicial notice.

United States District Court
Northern District of California

## II. DISCUSSION

### A. Legal Standard

A private defendant's voluntary cessation of challenged conduct does not necessarily render a case moot because, if the case were dismissed as moot, the defendant would be free to resume the conduct. *See, e.g.*, *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000); *United States v. W. T. Grant Co.*, 345 U.S. 629, 632–33 (1953). However, courts in this district treat the voluntary cessation of challenged conduct by government officials "with more solicitude . . . than similar action by private parties." *Am. Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1180 (9th Cir. 2010) (quotation marks omitted) ("[W]e presume the government is acting in good faith."). For this reason, the repeal, amendment, or expiration of challenged legislation is generally enough to render a case moot and appropriate for dismissal. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 478 (1990) (legislature's passage of amendments rendered case moot); *Burke v. Barnes*, 479 U.S. 361, 363 (1987) (expiration of legislation rendered case moot); *Kremens v. Bartley*, 431 U.S. 119, 127–28 (1977) (legislature's repeal and replacement of legislation rendered case moot).

As an initial matter, the Parties disagree about what standard applies to this case. Plaintiffs argue that under *Bell v. City of Boise*, 709 F.3d 890, 899 (9th Cir. 2014), a local government or agency's repeal or amendment of an ordinance is treated differently than a change in state law. An analysis of the relevant precedent demonstrates that Plaintiffs' analysis of the law is misplaced.

In *Board of Trustees of Glazing Health and Welfare Trust v. Chambers*, 941 F.3d 1195 (9th Cir. 2019), the court clarified the Ninth Circuit's precedent. Most circuits have interpreted *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982) and *Northeastern Florida Chapter of the Associated General Contractors of America v. City of Jacksonville*, 508 U.S. 656 (1993), to support the rule that repeal of a contested ordinance moots a plaintiff's injunction request, absent evidence that the city plans to or already has enacted the challenged law or one substantially similar. *Glazing Health*, 941 F.3d at 1198 (collecting cases). However, the Ninth

Circuit's "analytical approach in response to *City of Mesquite* and *Northeastern Florida* has been somewhat inconsistent." *Id.* at 1199. "In some cases, we have declined to apply a presumption of mootness where a statute or ordinance as repealed or amended." *Id.* (collecting cases). "In other cases, we have applied a high burden for overcoming the presumption of mootness. Indeed, we have suggested there must be a 'virtual certainty' that a government will not reenact legislation in order to overcome the presumption of mootness." *Id.* (collecting cases). The court clarified that

> [L]egislative actions should not be treated the same as voluntary cessation of challenged acts by a private party, and that we should assume that a legislative body is acting in good faith in repealing or amending a challenged legislative provision, or in allowing it to expire. Therefore, in determining whether a case is moot, *we should presume that the repeal, amendment, or expiration of legislation will render an action challenging the legislation moot, unless there is a reasonable expectation that the legislative body will reenact the challenged provision or one similar to it*.
>
> The party challenging the presumption of mootness need not show that the enactment of the same or similar legislation is a "virtual certainty," only that there is a reasonable expectation of reenactment. But a determination that such a reasonable expectation exists must be founded in the record, as it was in *City of Mesquite*, rather than on speculation alone.
>
> To the extent that any of our prior cases suggest a different analysis than the one adopted here, we *overrule them in relevant part*.

*Id.* (emphasis added).

Importantly, one of the cases overruled by *Glazing Health* is *Chemical Producer & Distributors Association v. Helliker*, 463 F.3d 871, 878 (9th Cir. 2006). *Bell*,[2] the case relied on by Plaintiffs, used *Chemical Producers* to support its conclusion that "repeal or amendment of an ordinance by a local government or agency does not necessarily 'deprive a federal court of its power to determine the legality of the practice.'" 709 F.3d at 899 (quoting *Chem. Producers*, 463

---

[2] As a basic matter, the Court disagrees with Plaintiffs reading of *Bell*. The issue in *Bell* was not whether a city ordinance was owed deference, but whether a city's "special order" was entitled deference. 709 F.3d at 899 ("We are not presented with a change to a state legislative enactment, nor are we presented with the repeal of the challenged Ordinances. Defendants rely on the adoption of the Special Order, which is not analogous to either a state or local legislative enactment."). Thus, *Bell* does not support Plaintiffs' argument that local councils are treated differently than state legislatures.

F.3d at 878)). *Glazing Health* overrules this conclusion, and there is no support for Plaintiffs' proposition that local ordinances are viewed differently than state enactments.

**B. Analysis**

Applying these principles to this case, the Court begins with the presumption that this appeal is moot because the City repealed the 2019 Ordinance and replaced it with the 2022 Ordinance, without reenacting the challenged provisions. There is no evidence in the record indicating a reasonable expectation that the City Council is likely to enact the same or substantially similar legislation in the future. To the contrary, the record indicates that the City Council has, in good faith, responded appropriately.

Plaintiffs urge the Court to find that their actions are not moot, arguing that the City violated federal laws in 2019 by denying the permit applications and thus a basis for relief remains. That is, Plaintiffs contend that they remain entitled to injunctive relief because the City's denial of their permits constituted an effective prohibition in violation of the Telecommunications Act. Problematically, neither Plaintiffs' facial nor as-applied challenges remain active. Each challenge is tied to the 2019 Ordinance. Plaintiffs allege that the City's denial of their permit applications *pursuant to the 2019 Ordinance* violated the Telecommunications Act. *See, e.g.*, AT&T Complaint ¶¶ 3, 5 ("The City denied the Applications based on its blanket bans on the placement of wireless facilities in residential districts and within 500 feet of schools, which prohibit these facilities throughout more than 85% of the City, including the areas where AT&T needs to place these twelve small cells. The City's blanket ban and its denials are arbitrary and capricious and effectively prohibit AT&T from installing its telecommunications and personal wireless service facilities, in violation of federal law."). Because the 2019 Ordinance has been replaced and repealed, the challenges to it are now moot.

Alternatively, Plaintiffs argue that the 2022 Ordinance is a "reconstituted version of the City's original prohibition." The Court disagrees. The City expended considerable time and resources in issuing the 2022 Ordinance. Further, the challenged provisions have been replaced by

alternative provisions. Indeed, as AT&T points out, it will have to satisfy a "new exception" to receive a permit. This implicitly acknowledges that the 2022 Ordinance contains different requirements than the 2019 Ordinance.

Finally, Plaintiffs argue that they will be denied permits under the 2022 Ordinance, just as they were under the 2019 Ordinance. This ignores the relevant inquiry: is there a reasonable expectation that the legislative body will reenact the challenged provision or one similar to it? *Glazing Health*, 941 F.3d at 1199. The answer to this question is plainly no. The 2022 Ordinance repealed the 2019 Ordinance and contains new and different requirements. The City is entitled to a presumption of good faith, and the Court thus rejects Plaintiffs' attempts to argue that the City has acted in bad faith by passing the 2022 Ordinance. *See Glazing Health*, 941 F.3d at 1199. Accordingly, under Ninth Circuit precedent, the two above-captioned actions are **MOOT**.

## III. CONCLUSION

The Court **DISMISSES AS MOOT** the above-captioned actions and **TERMINATES** Plaintiffs' respective motions for summary judgment. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 22, 2022

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California